UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**Just A Honky Tonk, L.C.,**

    **Plaintiff,**

v.                                        **Civil Action No.: _____**

**Susan Oelze and
For A Song, Inc.,**

    **Defendants.**

## VERIFIED COMPLAINT

Plaintiff Just A Honky Tonk, L.C. ("Plaintiff" or "Just A Honky Tonk"), by and through its undersigned counsel, hereby files this Complaint against Defendants Susan Oelze ("Ms. Oelze") and For A Song, Inc. ("For A Song")( collectively "Defendants"), and in support thereof, states as follows:

## NATURE OF THE CASE

1. This is a case for trademark infringement and unfair competition that seeks a preliminary and permanent injunction, as well as a declaratory judgment and damages, relating to Defendants' ongoing misconduct regarding The Birchmere live music venue, located at 3701 Mt. Vernon Avenue in the City of Alexandria, Virginia.

2. Plaintiff (as landlord) and Defendant For A Song, Inc. (as tenant) are parties to a lease agreement dated January 23, 1998, as amended (the lease, as amended, is referred to as the "Lease"), for the premises located at 3701 Mt. Vernon Ave., Alexandria, Virginia 22305 ("Premises").

3. Defendant For A Song is *merely a tenant* in the Premises, which Premises are owned by Just A Honky Tonk. That Lease expires on August 31, 2025, and Ms. Oelze and For A Song have been informed in writing that the Lease term will not be extended by the landlord, Plaintiff Just A Honky Tonk.

4. Pursuant to the Lease, Defendant For A Song has certain limited rights to use THE BIRCHMERE trademark but all of those rights will expire on August 31, 2025, which is the end of the Lease term, and neither Defendant For A Song nor Ms. Oelze will have any rights whatsoever in the iconic federally registered trademark THE BIRCHMERE , or the use of The Birchmere Premises, after that time.

5. More than 25 years ago, the managing member of Just A Honky Tonk purchased the assets – including name – of The Birchmere from Gary Oelze (Ms. Oelze's now-deceased husband) and numerous of his partners of the original Birchmere (which was about to close its doors for good) and also purchased the properties on which The Birchmere is currently located, zoned those properties, designed The Birchmere, built it, fully equipped it with a first class sound and light system and first class kitchen, opened it, operated it to profitability and then leased it back to Gary Oelze and Ralph Capobianco to operate. Mr. Oelze and Mr. Capobianco were provided a smooth handoff and received a fully equipped "turnkey" venue that required no cash investment by them.

6. Now that the Lease is expiring and will not be renewed, it is time for the Premises and The Birchmere business to revert back to the owner, Plaintiff Just A Honky Tonk.

7. However, rather than cooperate with an orderly transition of The Birchmere business back to Plaintiff Just A Honky Tonk, Defendants have elected to attempt to interfere with and harm The Birchmere business to the maximum extent possible, including a previous

threat from their prior counsel that, absent an extortionist buy-out, Defendants would "drain all of the accounts, not pay the bands, and not give the people their ticket money back. And The Birchmere will be finished." Since that threat was made, Defendants have continued to engage in conduct to carry out the threat and to intentionally ruin The Birchmere and its reputation, as stated in detail below.

8. As alarmingly, as stated in detail below, and in furtherance of the improper threat identified above, Defendants have intentionally (and fraudulently) *advertised, collected money and booked bands to play at The Birchmere after August 31, 2025*, which is the end of the lease term, and which is when Defendants will have no access to the Premises. In fact, Ms. Oelze herself specifically instructed her booking department to continue to book shows to occur at the Premises after August 31, 2025, even though she was well aware of the Lease termination date of August 31, 2025, and even though she knew that Plaintiff Just A Honky Tonk intends to operate The Birchmere business itself after August 31, 2025.

9. Further, Defendants have intentionally used The Birchmere's iconic federally registered trademarked name to do so, even though Defendants have *no rights* to use Plaintiff's federally registered THE BIRCHMERE trademark for shows that are scheduled for any period of time that is after the Lease termination date of August 31, 2025.

10. In fact, Defendants are currently infringing on Plaintiff's federally registered THE BIRCHMERE trademark by using THE BIRCHMERE in interstate commerce to *advertise and collect money* for shows at The Birchmere for time periods after the Lease termination date of August 31, 2025.

11. Defendants are also harming The Birchmere, including but not limited to its reputation, by *advertising and collecting money* for shows at The Birchmere after the Lease

3

termination date of August 31, 2025, a time period for which Defendants will not have access to the Premises in any way, shape or form.

      12.    In view of the forgoing, Just A Honky Tonk seeks: (a) a preliminary and permanent injunction from this Honorable Court regarding any efforts by Defendants to advertise or collect money for shows at The Birchmere after August 31, 2025, including any use of Plaintiff's federally registered THE BIRCHMERE trademark in connection with such shows and a transfer of all such bookings to Plaintiff, along with all monies collected regarding those shows (Counts I, II and III); (b) a declaration regarding the rights of the parties with respect to the federally registered THE BIRCHMERE trademark and the Lease, including specifically that Defendants have no rights to use either The Birchmere's iconic trademarked name, or The Birchmere live music venue space (i.e., the Premises), after August 31, 2025, and including a declaration that Just A Honky Tonk is entitled to ownership of all of the personal property, fixtures, furniture and equipment located at the Premises (Count IV); (c) damages and/or disgorgement for trademark infringement (Count I); unfair competition (Count II); false advertising under the Lanham Act (Count III); breach of contract (Count V); tortious interference with business relations (Count VI); and unjust enrichment (Count VII; and (d) an award to Plaintiff of its reasonable attorneys' fees, costs and expenses incurred in this action, in accordance with the terms of the Lease and otherwise under the law.

## PARTIES

      13.    Plaintiff Just a Honky Tonk is a Virginia Limited Liability Company that owns the iconic live music venue known as The Birchmere. The Birchmere has one of the best reputations in the country as a live music venue of the highest quality, both among performers and among the customers that pay for and attend those performances. Over the years, many

famous acts have performed at The Birchmere, including artists such as Ray Charles and Johnny Cash.

14. Upon information and belief, Defendant Susan Oelze is the owner of Defendant For A Song, and the widow of Gary Oelze, a former operator and principal of the tenant (For A Song) until his death in 2023.

15. Defendant For A Song is a Virginia Corporation that is currently a tenant of Just A Honky Tonk in the Premises.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121 because this action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

17. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and the Defendants conduct business in this District and Ms. Oelze.

## FACTUAL ALLEGATIONS

19. Defendants currently operate a music booking business and concert venue for live shows held at the iconic The Birchmere live music venue.

20. However, **Defendant Just A Song is only a tenant** operating out of Premises, in fact Defendants Just A Song and Ms. Oelze have **no ownership rights whatsoever in the federally registered THE BIRCHMERE trademark, or The Birchmere space,** including the two (2) live music halls that are located inside the Premises. *See* Lease dated January 23, 1998, attached hereto as Exhibit 1 (and as amended).

21. Moreover, Defendants do not have any rights to use the federally registered "The Birchmere" trademark, or use the Birchmere space (i.e. the Premises), after the Lease expires on August 31, 2025.

22. Specifically, as a result of a 5 year extension of the lease dated November 23, 2020 (which was during the Covid pandemic), the Lease will expire on August 31, 2025, and the Landlord (Just a Honky Tonk) has notified the tenant in writing that ***the Lease term will not be extended.***  *See* December 6, 2024 correspondence from Thomas J. Colucci to counsel for Defendant Oelze, attached hereto as Exhibit 2.

23. Again, once the Lease expires on August 31, 2025, the tenant (and Ms. Oelze) will have ***no rights*** to continue to hold shows at the Premises – they will not have access to the Premises, and they will not be permitted to use the federally registered THE BIRCHMERE trademark.

24. Notwithstanding the foregoing, and the explicit written notice to the tenant and Ms. Oelze that all of their rights to use the federally registered THE BIRCHMERE trademark and/or occupy the Premises will cease to exist after August 31, 2025, ***Defendants have continued*** to book shows to be held at the Premises on ***dates after August 31, 2025.***

25. Plaintiff respectfully submits that this conduct by Defendants is infringing, improper, illegal, fraudulent, constitutes unfair competition and is willful and in bad faith, including because the performers and acts that are being booked to perform after the Lease has expired are unaware that they will not be able to actually perform for Defendants at the Premises after August 31, 2025, because Defendants will have no access to the Premises or the use of the federally registered THE BIRCHMERE trademark to continue to advertise and /or otherwise market and/or collect money for the post-August 31, 2025 shows.

6

26.   The entertainment business, and especially the live music business, is highly competitive and challenging, and *a live music venue's reputation is critical* to its success.

27.   For more than 50 years, in large part due to Plaintiff's substantial efforts, The Birchmere has enjoyed a stellar reputation, and has developed a very strong brand, brand loyalty and brand equity, among both performers and the customers that pay for and attend those performances.

28.   Defendants' continued efforts to book post-August 2025 shows at The Birchmere has caused – and will continue to cause – irreparable harm and other injury to Plaintiff, including damage to Plaintiff's business, reputation, goodwill and other monetary damages.

29.   Defendant(s)' unauthorized actions include but are not limited to: advertising events using the federally registered THE BIRCHMERE trademark, booking acts for live performances at the Premises for dates after August 31, 2025 without permission; collecting money for these shows; and misleading the public into believing that these unauthorized activities are sanctioned by The Birchmere.

30.   Defendant(s)' actions create a likelihood of confusion, deception, and mistake among consumers regarding the source, sponsorship, and approval of the services provided under the federally registered THE BIRCHMERE trademark.

31.   Defendants' conduct is willful, intentional, and done with the knowledge that the Lease and Defendants' rights under the Lease will expire on August 31, 2025 and will not be renewed.

**COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SEC. 1114**

32.   Plaintiff incorporates by reference paragraphs 1 through __ as though fully set forth herein.

33. Plaintiff is the owner of the federally registered trademark THE BIRCHMERE, Registration No. 7,090,249, which was first registered in the mid-1990s, and duly re-registered with the United States Patent and Trademark Office.

34. The federally registered THE BIRCHMERE trademark is valid, subsisting, and in full force and effect. Plaintiff, through its predecessors in interest, has continuously used the federally registered THE BIRCHMERE trademark in interstate commerce for more than 25 years in connection with rendering of "Night club services; providing a facility and operating venue for hosting and presenting live musical entertainment; night club services featuring live and recorded musical entertainment; entertainment services, namely, live musical concerts and arranging and conducting special events featuring live musical performances; production of live musical concerts; providing a facility for live music concerts" in International Class 41; and "Restaurant services; Bar services" in International Class 43. Plaintiff and Defendant For A Song previously entered into the Lease, which granted Defendant For A Song a limited, non-exclusive right to use The Birchmere, as a trademark, in connection with providing certain night club and live musical entertainment specific services for a specified term. *See* Exhibit 1 hereto.

35. The Lease terminates on August 31, 2025, and Defendants will have no rights to use the federally registered THE BIRCHMERE trademark after that date, and therefore Defendants currently have no rights to use the federally registered THE BIRCHMERE trademark to advertise, promote or collect money for shows that are scheduled to occur after August 31, 2025.

36. Notwithstanding the expiration of the Lease on August 31, 2025, and Defendants' knowledge of this expiration date, Defendants have advertised, and continue to advertise, market, promote, collect money, and otherwise assert to performers that the performers are and will be

booked to perform at the Premises for Defendants after August 31, 2025, thereby promoting, offering and selling goods and services without authorization in an infringing, improper, fraudulent, willful and bad faith manner.

37. Rather than cooperate with an orderly transition of The Birchmere business back to Plaintiff Just A Honky Tonk at the end of the Lease term, Defendants have attempted to interfere with and harm The Birchmere business to the maximum extent possible, and have threatened to continue to do more of the same, including a threat by their former counsel that, absent an extortionist buy-out, Defendants would "drain all of our accounts, not pay the bands, and not give the people their ticket money back. And The Birchmere will be finished."

38. By letter dated December 6, 2024, counsel for Plaintiff specifically informed the Defendants in writing that the Lease would not be renewed, that Defendants have no rights to use the federally registered THE BIRCHMERE trademark for shows to occur after August 31, 2025, and demanding that Defendants cease and desist from booking any performances to play at The Birchmere after August 31, 2025. See Exhibit 1.

39. However, Defendants have refused to so cease and desist and instead continue to advertise, market, collect money, and otherwise fraudulently induce the public -- and the performers -- that they will be able to perform for the Defendants at the Premises after August 31, 2025.

40. Plaintiff itself previously operated The Birchmere as a live music venue and continues to have the right to do so for several days each year, pursuant to the terms of the Lease.

41. Plaintiff intends to continue operating The Birchmere as a live music venue using the federally registered THE BIRCHMERE trademark regarding performances beginning after

August 31, 2025, and intends to offer employment to those long-term employees that would like to continue working at The Birchmere after August 31, 2025.

42. As a result, Plaintiff now seeks a preliminary and permanent injunction to immediately prohibit Defendants from continuing to use the federally registered THE BIRCHMERE trademark in any way, shape or form in connection with any performances to be performed after August 31, 2025.

43. Defendants' conduct has caused damage to Plaintiff, including irreparable injury and damage to Plaintiff's reputation and loss of goodwill associated with The Birchmere and its federally registered trademark, including with performers and customers, and such conduct will continue to cause damage and harm to Plaintiff, including irreparable injury and damage, absent the issuance of an injunction now.

44. Defendants have unlawfully received payments and profited from the unauthorized use of the federally registered THE BIRCHMERE trademark, including but not limited to receiving monies from customers who believed that they were purchasing goods and services authorized by the entity that would be operating The Birchmere after August 31, 2025, i.e., the Plaintiff Just A Honky Tonk.

45. Plaintiff has no adequate remedy at law.

46. Defendants' continued unauthorized use of the federally registered THE BIRCHMERE trademark is likely to cause confusion, mistake, or deception among consumers as to the origin, sponsorship, or approval of Defendants' goods and services, as well as Plaintiff's goods and services, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Defendants' unauthorized use of the federally registered THE BIRCHMERE trademark for the time periods after August 31, 2025 constitutes willful and intentional

infringement, undertaken with knowledge of Plaintiff's rights and with the intent to deceive consumers, including performers and customers of The Birchmere, and to allow Defendants to unfairly benefit from Plaintiff's reputation and goodwill.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants for trademark infringement and unfair competition under 15 U.S.C. § 1114;

(b) Issue a preliminary and permanent injunction restraining and enjoining Defendants, and all those acting in concert with Defendants, from using the federally registered THE BIRCHMERE trademark or any confusingly similar mark in connection with any night club and live musical entertainment services;

(c) Order Defendants to account for and disgorge and pay to Plaintiff all monies derived from Defendants' unauthorized use of the federally registered THE BIRCHMERE trademark, together with damages sustained by Plaintiff as a result of Defendants' actions, in an amount to be determined at trial;

(d) Order Defendants to immediately transfer to Plaintiff all bookings for shows scheduled to occur after August 31, 2025 at The Birchmere, along with any and all monies collected regarding such shows;

(e) Award Plaintiff statutory damages and/or treble damages pursuant to 15 U.S.C. § 1117;

(f) Award Plaintiff its reasonable attorneys' fees, costs, and expenses incurred in this action;

(g) Award pre-judgment and post-judgment interest as allowed by law; and

(h) Grant such other and further relief as this Court deems just and proper.

## COUNT II – UNFAIR COMPETITION UNDER 15 U.S.C. SEC. 1125(a)

48. Plaintiff incorporates by reference paragraphs 1 through __ as though fully set forth herein.

49. Defendants conduct, as alleged above, also constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

50. Defendant's unauthorized use of Plaintiff's federally registered THE BIRCHMERE trademark constitutes false designation of origin, false or misleading description of fact, and false or misleading representation of fact under 15 U.S.C. § 1125(a).

51. Defendants' conduct is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods and services by Plaintiff, and Plaintiff's goods and services.

52. Plaintiff has suffered and will continue to suffer damages as a result of Defendants' unfair competition.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) A preliminary and permanent injunction enjoining Defendants, its officers, agents, employees, and all persons acting in concert with them from misusing the federally registered THE BIRCHMERE trademark or any mark confusingly similar thereto;

(b) An Order requiring Defendants to account for and disgorge and pay to Plaintiff all monies derived from Defendants' infringing activities, and to compensate Plaintiff for all damages sustained as a result of Defendants' unlawful actions;

(c) Order Defendants to immediately transfer to Plaintiff all bookings for shows scheduled to occur after August 31, 2025 at The Birchmere, along with any and all monies collected regarding such shows;

(d) An award of statutory and/or treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117;

(e) An award of pre-judgment and post-judgment interest;

(f) An order requiring Defendant to deliver up for destruction all goods, packaging, labels, and advertising materials bearing Plaintiff's trademark or any confusingly similar mark; and

(g) Grant such other and further relief as this Court deems just and proper.

### COUNT III – FALSE ADVERTISING UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

53. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs 1 - __ as if fully set forth herein.

54. Defendants are concert promoters engaged in the business of marketing, promoting, and selling tickets for live musical performances.

55. Plaintiff is the owner of the Premises where The Birchmere currently operates, a well-known and respected performance space, and is also the owner of the federally registered THE BIRCHMERE trademark associated with The Birchmere concert venue.

56. Defendants' contractual right to use The Birchmere for events expires on August 31, 2025, and Defendants will no longer have access to or control over the Premises, or any legal right to use the federally registered THE BIRCHMERE trademark, in connection with concerts or events scheduled to take place after that date.

57. Notwithstanding this clear limitation, Defendants have advertised, promoted, and are actively selling tickets for live musical concerts scheduled to occur at the Premises after August 31, 2025.

58. In the course of such advertising and promotion, Defendants have used the federally registered THE BIRCHMERE trademark and/or the name and likeness of The Birchmere, thereby representing—falsely and misleadingly—that Defendants have the legal right to host, produce, or promote events at the Premises after August 31, 2025.

59. These advertisements and promotions contain false and misleading representations of fact, including without limitation: (a) that the concerts scheduled after August 31, 2025, will take place at the Premises as hosted by the Defendants; (b) that Defendants have the legal authority to use the federally registered THE BIRCHMERE trademark in association

with such events; and (c) that ticket purchasers can rely on the location and legitimacy of the events as advertised by Defendants.

60. Defendants' false and misleading advertising is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff and The Birchmere, and as to the origin, sponsorship, or approval of the events and services being offered.

61. Defendants' conduct constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer damage to its reputation, goodwill, and business relationships, and is entitled to injunctive relief, damages, including Defendants' profits, actual damages, corrective advertising, and/or attorneys' fees and costs as allowed by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) An Order enjoining Defendants from advertising, promoting, or selling tickets for any events scheduled to occur at The Birchmere after August 31, 2025;

(b) An Order enjoining Defendants from using the federally registered THE BIRCHMERE trademark or any confusingly similar designation in any advertising or promotional materials regarding shows scheduled to occur after August 31, 2025;

(c) An award of damages, including Defendants' profits and Plaintiff's actual damages, in an amount to be proven at trial;

(d) An award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

(e) An Order requiring corrective advertising and notice to consumers; and

(f) Such other and further relief as the Court deems just and proper.

## **COUNT IV – DECLARATORY JUDGMENT**

63. Plaintiff incorporates by reference paragraphs 1 through __ as though fully set forth herein.

64. There exists an actual and justiciable controversy between Plaintiff and Defendants regarding the Lease and the use of the federally registered THE BIRCHMERE trademark, and Defendants continuing efforts to book post-August 31, 2025 performances at the Premises.

65. Plaintiff respectfully requests that this Honorable Court declare the respective rights and obligations of the parties, including specifically that Defendants have no rights to use either the iconic federally registered THE BIRCHMERE trademark, or The Birchmere live music venue space (i.e., the Premises), after August 31, 2025.

66. Plaintiff further respectfully requests that this Court also declare that Plaintiff is the owner of all personal property, including all furniture, fixtures and equipment, currently situated at The Birchmere live music venue (i.e., the Premises), pursuant to the following provision of the September 2001 Lease Addendum between Just A Honk Tonk and For A Song at paragraph 3, which provides as follows:

> The parties reiterate and agree that all personal property situate on the premises and used in the business of "The Birchmere" including but not limited to all dishes, flatware, cooking equipment, ovens, stoves, dishwashers, small appliances, pictures, artwork, statues, tables, pool tables and related equipment, chairs, couches, and other assorted furniture fixture and equipment without limit shall be and remain the property of the Landlord [i.e., Plaintiff Just A Honky Tonk].

WHEREFORE, Plaintiff respectfully requests that this Court:

> (a) Declare the rights of the parties with respect to the Lease, including specifically that Defendants have no rights to use either the iconic federally registered THE BIRCHMERE trademark, or The Birchmere live music venue space, after August 31, 2025, and that all furniture, fixtures, equipment, and personal property (including artwork) located at The Birchmere live music venue is owned by Plaintiff Just A Honky Tonk;

(b) Award to Plaintiff its reasonable attorneys' fees, costs, and expenses incurred in this action, in accordance with the terms of the Lease and otherwise;

(c) Award to Plaintiff pre-judgment and post-judgment interest as allowed by law; and

(d) Grant such other and further relief as this Court deems just and proper.

## COUNT V – BREACH OF CONTRACT

67. Plaintiffs incorporate by reference paragraphs 1 through __ as though fully set forth herein.

68. Defendants have breached the Lease by using the iconic federally registered THE BIRCHMERE trademark beyond the scope of the license and by advertising events scheduled to occur after the Lease termination date of August 31, 2025.

69. As a direct and proximate result of Defendants' actions, Plaintiff has already suffered reputational and monetary damage due to Defendants' improper, illegal, fraudulent and in bad faith, including damage to reputation, loss of good will, and lost business opportunities.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award compensatory damages in an amount to be determined at trial;

(b) Award treble damages;

(c) Award attorneys' fees and costs; and

(d) Award such other and further relief as this Court deems just and proper.

## COUNT VI – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

70. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 - ___ as if fully set forth herein.

71. Defendants' unauthorized actions have -- and will -- interfere with Plaintiff's business relationships with third-party artists, vendors, and customers, and Defendants have knowledge of those relationships.

72. Defendants have engaged in this conduct with the intent to harm Plaintiff and disrupt Plaintiff's business relationships and operations, including by the use of improper means, as alleged above.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Award compensatory damages in an amount to be determined at trial;

(b) Award attorneys' fees and costs; and

(c) Award such other and further relief as this Court deems just and proper.

### COUNT VII – UNJUST ENRICHMENT

73. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through __ of this Complaint as if fully set forth herein.

74. Defendants have received a benefit from the Plaintiff, including but not limited to monies collected for live music shows and events scheduled to occur at the Premises after August 31, 2025 at The Birchmere.

75. Defendants knew of, accepted, and retained these benefits.

76. It would be unjust and inequitable for Defendants to retain the benefits conferred without compensating Plaintiff for the reasonable value of the benefits received.

77. Plaintiff has suffered damages as a result of Defendant's unjust enrichment in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants for the reasonable value of the benefit conferred, together with pre-

judgment and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## **VERIFICATION**

I, James J. Matthews, Jr., being duly sworn, depose and say that I am the Managing Member of the Plaintiff in the above-captioned action; that I have read the foregoing Complaint and know the contents thereof; that the same is true to the best of my knowledge, information, and belief; and as to those matters stated on information and belief, I believe them to be true.

_____/s/_____
James Matthews


April 25, 2025_____
Date


| | |
|---|---|
| April 25, 2025 | Respectfully submitted, |

_____/s/_____
Charles B. Molster, III  Va. Bar No. 23613
LAW OFFICES OF CHARLES B. MOLSTER, III PLLC
2141 Wisconsin Avenue, N.W., Suite M
Washington, D.C. 20007
(703) 346-1505
cmolster@molsterlaw.com


Thomas J. Colucci Va. Bar No. _____
WALSH, COLUCCI, LUBELEY & WALSH PC
2200 Clarendon Blvd.
Suite 1300
Arlington, Virginia 22201
(703) 528-4700 Ext. 5450
tcolucci@thelandlawyers.com